UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

AT SACRAMENTO

| | |
|---|---|
| BETH WHEELER,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED FINANCIAL CASUALTY COMPANY, individually and d/b/a Progressive, Progressive Insurance, and Progressive.com; DOES 1 to 15,<br><br>    Defendant. | No. 2:16-cv-01875-SB<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND** |

Before the Court is Plaintiff's Motion for Remand, ECF No. 6. Defendant removed this case from Shasta County Superior Court, Case No. 184800, to the United States District Court for the Eastern District of California, on August 8, 2016. ECF No. 1. The matter was reassigned to this Court on October 3, 2016. ECF No. 8. For the reasons set forth below, Plaintiff's motion is denied.

**Facts**

An overview of the facts demonstrates that on March 14, 2013, Plaintiff was injured in an automobile collision with a vehicle driven by an individual named Adam Lamar. ECF No. 1-1. Mr. Lamar carried $15,000 per person liability insurance coverage for this accident. ECF No. 1-1. At all relevant times,

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND** + 1

Plaintiff was insured under a written policy of insurance from Defendant which provided uninsured/underinsured motorist (UIM) insurance coverage. ECF No. 1-1.

After settling her claim with Mr. Lamar pursuant to the $15,000 policy limit, Plaintiff pursued a UIM claim against Defendant. ECF No. 1-1. In her Complaint, Plaintiff alleges that Defendant's insurance adjuster mishandled her claim by valuing her UIM claim at zero and later offering $1,000 in settlement. ECF No. 1-1. Unable to resolve the UIM claim, the parties engaged in a binding arbitration proceeding, whereby Plaintiff was awarded $39,855 total damages less a $17,000 credit. ECF No. 1-1. The award consisted of damages for future medical bills, past and future lost wages, and past and future pain and suffering. ECF No. 1-1.

Dissatisfied with Defendant's handling of her UIM claim, Plaintiff filed the instant lawsuit in Shasta County Superior Court, asserting claims for breach of contract and breach of the covenant of good faith and fair dealing. ECF No. 1-1. Plaintiff's Complaint seeks general and compensatory damages including damages for injuries arising from humiliation, mental anguish and loss of enjoyment of life, non-economic damages, attorneys' fees and other litigation expenses, and punitive or exemplary damages. ECF No. 1-1. Pursuant to California state law, Plaintiff does not assert a numerical value for damages sought in her Complaint. However, Plaintiff's Statement of Damages details her claims for the following relief: (1) $200,000 for pain, suffering, and inconvenience, (2) $100,000 for emotional distress, (3) $50,000 for future medical expenses, and (4) punitive damages in the amount of $5,000,000, for a total of $5,350,000 in monetary damages. ECF No. 1-1. Punitive damages are recoverable in this case. *See Lunsford v. Am. Guarantee & Liability Ins. Co.*, 18 F.3d 653, 656 (9th Cir. 1994).

//

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND** + 2

On August 8, 2016, Defendant filed its Notice of Removal Under 28 U.S.C. § 1441(b), ECF No. 1, alleging that the District Court has diversity jurisdiction over this action. Plaintiff filed an opposition to Defendant's Notice of Removal on August 10, 2016, claiming that the amount in controversy has not been satisfied. ECF No. 3. Plaintiff's opposition was stricken as procedurally improper and Plaintiff was directed to file a properly noticed motion to remand. ECF No. 4. Plaintiff filed her Motion to Remand on September 23, 2016. ECF No. 6. Defendant opposes Plaintiff's motion on the ground that the amount in controversy has been satisfied. ECF No. 10. Diversity of citizenship between the parties is not contested.

## Analysis

The strong presumption against removal means that the defendant has the burden of establishing, by a preponderance of the evidence, that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). 28 U.S.C. § 1441(a) allows a defendant to remove a case from a state court to a federal district court so long as the district court has "original jurisdiction." 28 U.S.C. § 1332(a)(1) grants subject matter jurisdiction to this Court when there is diversity of citizenship of parties, and the amount in controversy exceeds $75,000.

In determining whether the removing party has satisfied its burden, the Ninth Circuit has "endorsed the Fifth Circuit's practice of considering facts presented in the removal petition as well as any 'summary-judgement-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). Moreover, conclusory allegations regarding the amount in controversy are insufficient. *Id.* at 1090-91.

Plaintiff has demanded damages in the amount of $5,350,000 as quantified in her Statement of Damages. ECF No. 1. California courts consider Plaintiff's

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND** + 3

Statement of Damages a "serious estimate of the damages in a given case," which "carries more weight than a typical settlement demand or an informal correspondence between the parties." *Surber v. Reliance Nat. Indem. Co.*, 110 F. Supp. 2d 1227, 1230 (N.D. Cal. 2000). Although not binding for the purposes of determining whether the Court has subject matter jurisdiction over the action, multiple California district courts have found that a plaintiff's Statement of Damages, standing alone, constitutes sufficient evidence of the amount in controversy. *See e.g.*, *Ortiz v. Sodexho, Inc.*, No., 2011 WL 3204842 (S.D. Cal.) (citing *Sanchez*, 102 F.3d at 404) (stating Defendant carried its burden by establishing, by a preponderance of the evidence, the amount in controversy when Plaintiff submitted its Statement of Damages for over $1,000,000); *Subair v. L'Oreal USA, Inc.*, No. 2:10-cv-01112-MCE-EFB, 2010 WL 2925074 (E.D. Cal.).

Despite asserting that her damages are in excess of $5,000,000, Plaintiff now contends that her initial estimate of damages was inaccurate and that she would settle this matter in full for $65,000. However, Plaintiff is unwilling to stipulate that the amount in controversy is less than the $75,000 threshold. Plaintiff's post-removal settlement contentions are immaterial. The Court is directed to analyze the evidence relevant to the amount in controversy at the time of removal. *See Matheson*, 319 F.3d at 1090. As the Supreme Court has noted, "events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his [or her] volition, do not oust the district court's jurisdiction once it has attached." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938). "If plaintiff could, no matter how bona fide his [or her] original claim in the state court, reduce the amount of his [or her] demand to defeat federal jurisdiction, the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice." *Id.* at 294. Accordingly, the Supreme Court has "discouraged reliance on post-

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND** + 4

removal stipulations and affidavits" to establish the amount in controversy. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) (citing *St. Paul Mercury Indemn. Co.*, 303 U.S. at 292). Consequently, the Court gives little credence to Plaintiff's post-removal statements and actions and finds that Plaintiff's claim for $5,350,000 satisfies the amount in controversy. 28 U.S.C. § 1332(a)(1).

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's Motion for Remand, ECF No. 6, is **DENIED**.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order and forward copies to counsel.

**DATED** this 15th day of November, 2016.

_____
Stanley A. Bastian
United States District Judge

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND** + 5