UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETH WHEELER,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED FINANCIAL CASUALTY COMPANY, individually and d/b/a Progressive, Progressive Insurance and Progressive.com; DOES 1 to 15,<br><br>    Defendants. | NO. 2:16-cv-01875-SB<br><br>**ORDER DENYING STIPULATED MOTION FOR PROTECTIVE ORDER** |

Before the Court is parties' Stipulated Protective Order Regarding Production and Dissemination of Trade Secret, Confidential and Proprietary Information, ECF No. 21. The parties seek a protective order to protect confidential, proprietary, and private information. This motion was heard without oral argument.

The product of pretrial discovery is presumptively public, though Federal Rule of Civil Procedure Rule 26(c) permits a district court to override this presumption upon a showing of "good cause." *San Jose Mercury News, Inc. v. U.S. District Court—Northern Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999). Rule 26(c) provides that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Prior to the grant of a protective order, the moving party must

**ORDER DENYING STIPULATED MOTION
FOR PROTECTIVE ORDER** + 1

certify it has "conferred or attempted to confer with other affected parties in an effort to resolve the dispute *without court action*." Fed. R. Civ. P. 26(c) (emphasis added).

Where the parties agree, as here, that certain information should remain confidential, it may be prudent to enter into an agreement setting forth in writing what information shall remain private. It is unnecessary, however, for such an agreement to have this Court's imprimatur. A court issued protective order is less necessary since Rule 5(d) was amended to only require filing discovery material actually used in support of an action. Because not all discovery material need be filed, most discovery material is not readily accessible to the public. Therefore, the primary concern regarding confidential materials is how the parties themselves handle such material. This Court will not hesitate to issue a protective order when it is necessary; however, the moving party or parties must demonstrate good cause exists and must bear the "burden of showing specific prejudice or harm" that will result if no protective order is granted. *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). In other words, the moving party must demonstrate why the parties cannot resolve the issue without court action—a standard that will generally not be met when the parties agree to the terms of a proposed protective order.

The motion at hand fails to demonstrate specific harm or prejudice that will result if no protective order is granted. Additionally, the parties appear to be in agreement on what material is appropriate for discovery and how it should be handled. Accordingly, the Court denies the stipulated motion for protective order.

The Court encourages the parties to continue cooperating with respect to the handling of potentially sensitive discovery material. The parties may, upon proper showing tied to specific discovery material, move the Court to seal certain discovery filings.

//

**ORDER DENYING STIPULATED MOTION FOR PROTECTIVE ORDER** - 2

Accordingly, **IT IS HEREBY ORDERED:**

The Parties' Stipulated Protective Order Regarding Production and Dissemination of Trade Secret, Confidential and Proprietary Information, ECF No. 21, is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 23rd day of February, 2017.

_____
Stanley A. Bastian
United States District Judge

**ORDER DENYING STIPULATED MOTION FOR PROTECTIVE ORDER** + 3